# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SCOTT REPELLA,** | : | **CIV NO. 3:22-CV-990** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **KILOLO KIJAKAZI**, | : | |
| **Acting Commissioner of Social Security** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION

## I.   Factual Background

In the Social Security Act, Congress crafted a carefully calibrated four-step process for the review and adjudication of disability claims. As part of this administrative process, each disability claimant may receive: (i) an initial determination of his or her claim; (ii) an administrative reconsideration of the claim; (iii) a hearing before an Administrative Law Judge (ALJ) followed by a decision by the ALJ; and (iv) Social Security Appeals Council review of the ALJ determination. 20 C.F.R. § 404.900(a). Once a claimant has pursued this panoply of administrative remedies, the claimant then is entitled to bring a lawsuit in federal court seeking judicial review of an adverse disability determination.

Given the existence of these carefully crafted administrative procedures, as a general rule it is well-settled that disability claimants cannot bypass this administrative process and simply file a lawsuit in federal court without first exhausting their administrative remedies. Instead, 42 U.S.C. § 405(g) expressly authorizes judicial review only of a "final decision of the Commissioner of Social Security *made after a hearing*." (emphasis added).

We are reminded of this familiar principle of Social Security practice in the instant case. The plaintiff, Scott Repella, who is proceeding *pro se*, has filed this lawsuit inviting us to review and reverse some initial administrative determinations made by the Commissioner of Social Security relating to his claim for benefits. Yet, it is undisputed that Repella has filed this case without first fully exhausting his administrative remedies. This failure to exhaust these available remedies now compels the dismissal of Repella's case, without prejudice to renewal of a challenge to this agency determination if necessary once Repella has exhausted his administrative remedies.

With respect to these administrative proceedings, the uncontested facts can be simply stated. On May 13, 2019, Repella received a favorable decision from an ALJ on his claim for disability benefits. (Doc. 16-1). Several month later, on August 5, 2019, Repella was notified that he had received an apparent overpayment of benefits

and was advised of his right to appeal this initial overpayment determination.[1] (Id.)
Repella exercised his rights and filed a request for reconsideration of this
overpayment determination in a letter dated August 12, 2019. (Id.) On September 5,
2019, the Commissioner notified Repella that his reconsideration request was denied,
and the overpayment decision was correct. (Id.) This notice explained for Repella the
basis for this overpayment determination and Repella was informed of the right to
request a hearing before an Administrative Law Judge to further challenge this
determination. (Id.)

On September 14, 2019, Repella filed a request for a hearing before an
Administrative Law Judge. (Id.) Repella's request was acknowledged by the
Commissioner in writing on January 22, 2020, and a hearing was scheduled for
January 5, 2021. (Id.) That telephonic hearing was subsequently rescheduled for April
1, 2021, but on March 31, 2021, Repella stated he was not agreeable to a telephonic
hearing and would like to appear in person. (Id.)  Repella persisted in this objection

---

[1] Repella's pleadings disclose one factor which doubtless complicated the calculation
of his Social Security benefits. According to Repella: "On or around January 7, 2016
plaintiff became incarcerated at the State Correctional Institution in Huntingdon."
(Doc. 17 at 1). It is well-settled "that benefits can be terminated when a recipient 'is
an inmate of a public institution.'" Dougherty on Behalf of Dougherty v. Bowen, 685
F. Supp. 104, 105 (M.D. Pa. 1988). Therefore, Repella's imprisonment plainly
affected his eligibility for Social Security benefits.

to an early hearing on this overpayment claim even after he was informed that his objection to the format of the hearing would delay the adjudication of this matter. Thus, Repella's choice to forego a telephonic hearing materially contributed to the delay in adjudicating this matter which he now decries. On June 27, 2022, the Commissioner notified Repella that an in-person hearing before an Administrative Law Judge was scheduled for September 15, 2022. (Id.) However, while this administrative process was moving forward, apparently frustrated at the pace of this proceedings, on June 22, 2022, Repella filed this civil action in the U.S. District Court for the Middle District of Pennsylvania seeking judicial review of the Commissioner's initial overpayment determination. (Doc. 1).

The Commissioner has now moved to dismiss this complaint due to Repella's undisputed failure to exhaust his administrative remedies. (Doc. 15). This motion is fully briefed and is, therefore, ripe for resolution. For its part, the Commissioner argues that Repella's failure to exhaust his administrative remedies now bars relief in federal court. Repella, in turn, insists that the Commissioner's actions in making this overpayment determination without an initial hearing and delaying agency adjudication of his administrative objections to that determination rise to the level of constitutional due process violations which excuse compliance with this exhaustion requirement.

While we are sympathetic to Repella's apparent frustration at the pace of agency decision-making, like all litigants he must follow the path prescribed by law before he forays into federal court. This path generally entails complete exhaustion of his administrative remedies prior to filing a lawsuit. Since it is evident that Repella has not completely exhausted his challenge to the overpayment determination, and has not provided an adequate excuse to forego exhaustion, we are constrained to dismiss this case without prejudice to renewal of a challenge to this agency determination if necessary once Repella has exhausted his administrative remedies.

II.    **Discussion**

A.    **Rule 12(b)(1)—Standard of Review**

The Commissioner has moved to dismiss this complaint pursuit to Rule 12(b)(1) of the Federal Rules of Civil Procedure due to a lack of subject matter jurisdiction. Rule 12(b)(1) permits the dismissal of an action for "lack of subject matter jurisdiction." A motion to dismiss under Rule 12(b)(1) thus challenges the power of the court to hear a case or consider a claim. Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006). When faced with a 12(b)(1) motion, the plaintiff has the burden to "convince the court it has jurisdiction." Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000); see also Kehr Packages v. Fidelcor, Inc., 926 F. 2d 1406, 1409 (3d Cir. 1991) ("when subject matter jurisdiction is challenged

under Rule 12(b)(1), the plaintiff must bear the burden of persuasion").

A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. See Morten v. First Fed. Sav. And Loan Ass'n, 549 F. 2d 884, 891 (3d Cir. 1997). First, a facial attack "contests the sufficiency of the pleadings." Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009) (quoting Taliaferro v. Darby Twp. Zoning Bd., 458 F. 3d 181, 187-88 (3d Cir. 2006). Such a facial challenge "attacks the complaint on its face without contesting its alleged facts, [and] is like a 12(b)(6) motion in requiring the court 'to consider the allegations of the complaint as true." Hartig Drug Company, Inc. v. Senju Pharmaceutical Co. Ltd., 836 F. 3d 261, 268 (3d Cir. 2006). Thus, in ruling on such a motion, the court assumes the truth of the allegations in the complaint but must analyze the pleadings to determine whether they state an action that comes within the court's jurisdiction. United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F. 3d 506, 514 (3d Cir. 2016). A facial 12(b)(1) motion should be granted only if it appears certain that the assertion of subject-matter jurisdiction is improper. Kehr Packages, 926 F. 2d 1406, 1408-09 (3d Cir. 1991); Empire Kosher Poultry, Inc. v. United Food & Commericial Workers Health & Welfare Fund of Ne. Pa., 285 F. Supp. 3d 573, 577 (M.D. Pa. 2003).

In contrast, a "factual" attack on subject-matter jurisdiction asserts that,

although the pleadings facially satisfy jurisdictional requirements, one or more allegations in the complaint is untrue, which therefore causes the action to fall outside the court's jurisdiction. Carpet Group, Int'l v. Oriental Rug Imps. Ass'n, Inc., 227 F. 3d 62, 69 (3d Cir. 2000); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1997). In ruling on factual challenges, a court must consider the merits of the disputed allegations, since "the trial court's . . . very power to hear the case" is in dispute. Mortensen, 549 F.2d at 891.

In the instant case, whether viewed as a facial or factual challenge to this court's jurisdiction, Repella's complaint runs afoul of an insurmountable jurisdictional obstacle: The plaintiff filed this lawsuit before he had exhausted his administrative remedies and has not provided sufficient justification to forego this exhaustion requirement. Because this administrative exhaustion is a prerequisite to proceeding into federal court this complaint must be dismissed.

**B**.   **Repella's Challenge to the Commissioner's Overpayment Determination Will be Dismissed as Unexhausted.**

In this case we are presented with what is plainly an unexhausted claim by a Social Security disability claimant. In this setting, the course we must follow is clear. As the court of appeals has observed:

> The Supreme Court has stated that Section 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision' of the Secretary made after a hearing." Califano v. Sanders, 430 U.S. 99, 108,

97 S.Ct. 980, 51 L.Ed.2d 192 (1977). A "final decision" is not defined by the Social Security Act, but rather has been left to be defined by Social Security Administration ("SSA") regulations. The regulations set forth the procedures which must be followed to exhaust administrative remedies. See 20 C.F.R. § 404.900(a)(1)-(4).

Pallotta v. Barnhart, 144 F. App'x 938, 940 (3d Cir. 2005). Thus, "[w]ithout a 'final decision,' a district court lacks subject matter jurisdiction to review a Social Security benefit determination." Chailla v. Comm'r of Soc. Sec. Admin., 838 F. App'x 653, 655 (3d Cir. 2020). Moreover:

> Under the relevant regulations, a "final decision" is rendered after a benefits claimant has completed a four-step administrative review process. Before a claimant seeks relief in a federal court, he must generally: (1) "seek an initial determination [before the SSA] as to his eligibility"; (2) "seek reconsideration of the initial determination" in the agency; (3) "request a hearing, which is conducted by an ALJ"; and (4) "seek review of the ALJ's decision by the Appeals Council." Smith v. Berryhill, ––– U.S. ––––, 139 S. Ct. 1765, 1772, 204 L.Ed.2d 62 (2019) (citing 20 C.F.R. § 416.1400).

Id.

Here it is entirely undisputed that Repella filed this lawsuit before he fully exhausted the four-step administrative process prescribed by federal regulations. Thus, absent some valid excuse, Repella's case presents the very paradigm of an unexhausted legal claim which should be dismissed.

There is one narrow exception to this general rule requiring exhaustion of administrative remedies by Social Security claimants:

8

> If a plaintiff's claim is collateral to her claim for benefits, exhaustion may be waived under certain circumstances. <u>See Bowen v. City of New York</u>, 476 U.S. 467, 483, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). "A claim is collateral if it is not essentially a claim for benefits." <u>Johnson v. Shalala</u>, 2 F.3d 918, 921 (9th Cir.1993) (citing <u>Bowen, supra</u>).

<u>Fitzgerald v. Apfel</u>, 148 F.3d 232, 234 (3d Cir. 1998). In order to avail himself of this narrow exception to the statute's exhaustion requirement, a claimant like Repella must present:

> [A] "colorable claim implicating a constitutional issue." <u>Timmons v. Commissioner of Social Security</u>, 719 F. App'x 162, 164 (3d Cir. 2017). A claim is not colorable if its "wholly insubstantial and frivolous." <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 513 N.10 (2006).

<u>Martinez v. Comm'r of Soc. Sec.</u>, No. CV 22-1016, 2022 WL 19920732, at *2 (E.D. Pa. July 13, 2022), <u>aff'd as modified sub nom.</u> <u>Martinez v. Comm'r Soc. Sec.</u>, No. 22-2411, 2023 WL 3597380 (3d Cir. May 23, 2023).

Applying these benchmarks, courts have frequently rebuffed efforts to convert the conduct of the agency's administrative proceedings into some sort of due process violation, reasoning that, when these constitutional claims are "inextricably intertwined" with the underlying claim for benefits, plaintiffs may not rely upon these general constitutional claims to forego the otherwise applicable statutory exhaustion requirement. <u>Martinez v. Comm'r Soc. Sec.</u>, No. 22-2411, 2023 WL 3597380, at *2 (3d Cir. May 23, 2023) (citing <u>Heckler v. Ringer</u>, 466 U.S. 602, 614 (1984)); <u>Pallotta v. Barnhart</u>, 144 F. App'x 938, 940 (3d Cir. 2005) (rejecting due process claim based

upon delay in processing administrative remedies). Indeed, in the context of a plaintiff's efforts to challenge an overpayment determination in federal court on constitutional grounds without first fully exhausting the agency administrative process, it has been held that "the constitutional violation . . . is directly related to [the] entitlement claim," and is therefore subject to this exhaustion requirement. Nicosia v. Barnhart, 160 F. App'x 186, 188 (3d Cir. 2005).

Repella cannot avoid this exhaustion requirement by suggesting, as he does in his pleadings, that he had a constitutional due process right to an adversarial hearing before the Commissioner made this overpayment determination and began attempting to recoup excess benefits paid to the plaintiff. (Doc. 17 at 3-4). Quite the contrary, in the context of a routine, run of the mill, objection to a Social Security overpayment determination it had been held that "the Secretary's pre-recoupment procedures permitting written evidence and providing for an examination of written documents, when coupled with a right of a Post-recoupment oral hearing, satisfy due process." Mattern v. Mathews, 582 F.2d 248, 258 (3d Cir. 1978) (quoting Mattern v. Weinberger, 519 F.2d 150, 165 (3d Cir. 1975), vacated on other grounds sub nom. Mathews v. Mattern, 425 U.S. 987, 96 S. Ct. 2196, 48 L. Ed. 2d 812 (1976)).

These principles apply here and compel dismissal of Repella's complaint in its current form as unexhausted. In the instant case, Repella's constitutional claims

regarding the deprivation of his alleged property and the delay in these proceedings are inextricably intertwined with the merits of his underlying disability entitlement claim. Further, Repella has not pleaded any special circumstances which might have entitled him to an adversarial hearing prior to the Commissioner making an overpayment determination. Moreover, the record before us shows that Repella was afforded the opportunity to timely adjudicate this entitlement claim before an ALJ, but chose instead to file this lawsuit without first exhausting his administrative remedies. Indeed, we note that Repella was offered a telephonic hearing in April of 2021, fourteen months before he filed this case, but rejected this option in favor of an in-person hearing even though he was informed that his request for an in-person hearing would delay the adjudication of his objections to this overpayment determination. Thus, prior to filing this lawsuit, Repella eschewed an offer of an agency hearing because he objected to the telephonic format of the hearing.

On these facts, we join those courts which have found that the plaintiff's constitutional averments do not provide a basis for foregoing the exhaustion requirement otherwise prescribed by law. Indeed, we note that embracing Repella's arguments could, in effect, raise all routine Social Security overpayment claims to a matter of constitutional dimension which would be entirely exempt from this statutory exhaustion requirement. Since caselaw does not support this novel

proposition, we must decline Repella's invitation to excuse his failure to exhaust his administrative remedies before proceeding into federal court. However, "because dismissals for lack of subject matter jurisdiction should be without prejudice," Martinez v. Comm'r Soc. Sec., 2023 WL 3597380, at *2, we are constrained to dismiss this case without prejudice to renewal of a challenge to this agency determination if necessary once Repella has exhausted his administrative remedies.

## III.   **Conclusion**

Accordingly, for the foregoing reasons, this case will be DISMISSED without prejudice to renewal of a challenge to this agency determination, if necessary once Repella has exhausted his administrative remedies.

An appropriate order follows.

_S/ Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge

DATED: November 7th, 2023